```
            UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                   WESTERN DIVISION
```

FLOYD MCCULLOUGH, INDIVIDUALLY AND                             PLAINTIFF
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF NAOMI MCCULLOUGH,
DECEASED

VERSUS                          CIVIL ACTION NO. 5:08cv187-DCB-JMR

RIVER REGION MEDICAL CENTER, RANDALL
EASTERLING, M.D., DAVID HALINSKI, M.D.,
BRIGGS HOPSON, JR., M.D., AND JOHN AND
JANE DOES 1-5                                                 DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 4**]. Having carefully considered the Motion, the defendants' Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 20, 2003, a respiratory infection dictated that Naomi McCullough be transferred from River Region Medical Center ("River Region") in Vicksburg, Mississippi, to the University of Mississippi Medical Center in Jackson, Mississippi. Ms. McCullough was placed in an ambulance and put on a portable ventilator to aid her respiration during the trip. A few minutes into the transport, medical personnel on board the ambulance noticed that Ms. McCullough was no longer breathing and began cardiopulmonary resuscitation efforts. Ms. McCullough was successfully revived and

taken back to River Region for emergency care.  Ms. McCullough subsequently died on May 22, 2003.

On March 15, 2006, Floyd McCullough, plaintiff herein, initiated a wrongful death action against defendants River Region Medical Center, Randall Easterling, M.D., David Halinski, M.D., and Briggs Hopson, Jr., M.D., in the Circuit Court of Warren County, Mississippi.  In his complaint, the plaintiff brings claims of negligence, gross negligence, and concealment against the defendants based upon their alleged conduct relating to the medical care of the deceased Naomi McCullough.  More specifically, the plaintiff faults the defendants for failing to ensure that the portable ventilation device on the ambulance was working properly prior to the attempted transport; failing to monitor Ms. McCullough's condition while in their care; failing to render proper care when the portable ventilator allegedly failed; failing to disclose in her medical records that a meeting took place to discuss the failure of the portable ventilator; and failing to disclose that River Region owned and had prior problems with the portable ventilator.

On April 18, 2008, River Region filed its Notice of Removal [docket entry no. 1] of the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Defendants Easterling, Halinski, and Hopson joined in the Notice of Removal on the same date.  The defendants asserted in their Notice of Removal that the

plaintiff's February 14, 2008, Expert Designation and April 8, 2008, Response to River Region's April 2, 2008, Request for Admissions indicate that the plaintiff is alleging violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd (2006).  According to the defendants, the action is removable to this Court inasmuch as it is founded upon EMTALA and thus arises under a law of the United States.

On April 25, 2008, the plaintiff filed its Motion to Remand [docket entry no. 4] the action back to the Circuit Court of Warren County, Mississippi.  In his Motion, the plaintiff contends that the defendants' Notice of Removal was untimely under § 1446(b) because they were placed on notice of what facts or claims were being asserted by the plaintiff in his March 2006 Complaint.  The plaintiff also urges that he did not plead a claim under EMTALA in the Complaint nor was he required to do so.  The plaintiff lastly posits that the physician defendants have improperly joined River Region in the Notice of Removal.

In response, the defendants claim that the artful pleading doctrine is applicable in this case and the action was properly removed inasmuch as the plaintiff had surreptitiously evaded federal jurisdiction until his expert designation and answers to the defendants' Request for Admissions (and Supplemental Request for Admissions) revealed that the plaintiff's claims actually allege violations of EMTALA.  The defendants also argue that their

Notice of Removal was timely under § 1446(b).

## II. ANALYSIS

There exists a "long-established axiom that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." Bernhard v. Whitney Nat'l Bank, ___ F.3d ___, 2008 WL 879038, *3 (5th Cir. Apr. 2, 2008).  "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Id.  A defense that implicates a federal question is insufficient to provide a basis for federal jurisdiction.  Id.

An "independent corollary" to the well-pleaded complaint rule is the artful pleading doctrine.  Id. at *4.  "Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skill in hiding the federal question." Id.  However, the United States Court of Appeals for the Fifth Circuit has held that "the artful pleading doctrine applies only where state law is subject to complete preemption."  Id.; Terrebonne Homecare, Inc. V. SMA Health Plan, Inc., 271 F.3d 186, 188-89 (5th Cir. 2001).  "'Complete preemption,' which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also

4

known as 'conflict preemption'), which does not." <u>Johnson v. Baylor Univ.</u>, 214 F.3d 630, 632 (5th Cir. 2000).  Conflict preemption

> is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

<u>Id.</u> (quoting <u>Heimann v. Nat'l Elevator Indus. Pension Fund</u>, 187 F.3d 493, 500 (5th Cir. 1999), <u>overruled on other grounds by Arana v. Ochsner Health Plan</u>, 338 F.3d 433 (5th Cir. 2003)).

In order to determine whether a statute completely preempts state law and provides a basis for removal jurisdiction, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 9 n.5, 123 S. Ct. 2058, 2064 n.5, 156 L. Ed. 2d 1 (2003).  Accordingly, Congress must have intended "a federal act to provide the exclusive cause of action for the claims at issue" in order for a court to hold that the statute completely preempts state law claims. <u>Bernhard</u>, 2008 WL 879038, at *6.

In the matter before the Court, it is clear that no federal question appears on the face of the plaintiff's well-pleaded complaint inasmuch as the plaintiff makes no mention of the "Constitution, laws, or treaties of the United States," including EMTALA. Rather, the plaintiff only asserts three claims against the defendants which are predicated upon state law. Therefore, the Court does not have subject matter jurisdiction judged by the plaintiff's well-pleaded complaint.

As for the artful pleading corollary to the well-pleaded complaint rule, the Court is mindful that the United States Court of Appeals for the Fifth Circuit has never held that EMTALA is completely preemptive of all state law claims which are related to the subjects covered by EMTALA. For that matter, the Court is unaware of <u>any</u> federal court which has so held. Nevertheless, the Court will examine EMTALA to ascertain whether Congress intended the Act to provide the exclusive cause of action for claims relating to screening, stabilizing treatment, and transfer restrictions for persons with emergency medical conditions or who are in labor. The resolution of this issue will determine whether the defendants have properly removed the case to this Court under the artful pleading doctrine.

Title 42 U.S.C. § 1395dd(f) expressly declares how EMTALA's provisions relate to state laws:

> (f) Preemption
> The provisions of this section do not preempt

6

> any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section.

The Court is of the opinion that this portion of the statute makes pellucidly clear that Congress had no intention of providing the exclusive cause of action for claims relating to screening, stabilizing treatment, and transfer restrictions for persons with emergency medical conditions or who are in labor when it enacted EMTALA.  To the contrary, EMTALA is structured so as to only preempt state laws which directly conflict with a requirement set forth in EMTALA (which is essentially ordinary conflict preemption) and explicitly contemplates the viability of state law claims which are not so preempted.  As stated earlier, conflict preemption is an affirmative defense to a state claim and does not provide a basis for removal of an action to federal court.  Inasmuch as EMTALA does not completely preempt the relevant field of state law, the artful pleading doctrine is inapplicable and does not permit the defendants to invoke the Court's removal jurisdiction under 28 U.S.C. § 1441.[1]

---

[1] In a recent case, the United States Court of Appeals for the Fifth Circuit reached a similar conclusion in an analogous situation.  In Bernhard v. Whitney Nat'l Bank, ___ F.3d ___, 2008 WL 879038 (5th Cir. Apr. 2, 2008), the court held that the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., was not completely preemptive of state law claims which related to unauthorized electronic fund transfers and thus did not provide a basis for federal question removal jurisdiction.  The Fifth Circuit looked to the EFTA provision which states its relationship to state laws, in relevant part:

The Court being unaware of any other basis for its subject matter jurisdiction[2] over the action and no other basis for the same having been articulated by the defendants, the Court finds that it lacks jurisdiction over the subject matter of the action and shall remand the case to the Circuit Court of Warren County,

---

> This subchapter does not annul, alter, or affect the laws of any State relating to electronic fund transfers, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1693q.  The appellate court held that this

> clear language of the EFTA indicates that Congress did not intend for the Act to provide the exclusive cause of action for claims relating to the unauthorized electronic fund transfers.  The Act contemplates the application of state law that is not preempted by its provisions.  It does not <u>completely</u> preempt claims relating to electronic fund transfers and does not, therefore, provide federal question jurisdiction in this case.

<u>Bernhard</u>, 2008 WL 879038, *7.
     This Court is of the opinion that EMTALA's preemption provision has the same operative effect as the aforementioned preemption language in the EFTA and likewise provides no basis for federal question jurisdiction.

     [2] Because the plaintiff and all defendants are regarded as citizens of Mississippi, diversity jurisdiction is unavailable under 28 U.S.C. § 1332.  The Court is not advised that any of the plaintiff's state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005).  Accordingly, federal question jurisdiction does not lie on this basis either.

Mississippi, pursuant to 28 U.S.C. § 1447(c).  The plaintiff's Motion to Remand is accordingly well-taken.

### III. CONCLUSION & ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 4**] is **GRANTED**.

**SO ORDERED,** this the  16th  day of May 2008.


                                    s/ David Bramlette
                              **UNITED STATES DISTRICT JUDGE**